LINES v. VILLAGE OF OTEGO.

(Supreme Court, Trial Term, Otsego County. April 20, 1904.)

1. MUNICIPAL CONTRACTS—VALIDITY—RATIFICATION.

   A village is liable for materials accepted and used, though the contract therefor made by the village president was not authorized by the board of trustees.

2. SAME—INCURRING INDEBTEDNESS.

   Village Law, § 130 (Laws 1897, p. 412, c. 414), provides that "a village shall not incur indebtedness if thereby its total contract indebtedness, exclusive of liabilities for which taxes have already been levied, shall, in addition to obligations issued to provide for the supply of water, exceed ten per centum of the assessed valuation of the real property, subject to

taxation, as it appeared on the last preceding village assessment roll." *Held*, that the indebtedness incurred for water supply must be excluded from the entire indebtedness of the village in determining whether it has reached the 10 per cent. limitation.

**3. SAME—IMPLIED CONTRACTS.**

Village Law, § 128 (Laws 1897, p. 411, c. 414), provides that "no contract shall be made involving an expenditure by the village unless the money therefor is on hand or a proposition has been adopted authorizing the board of trustees to raise such money." *Held* that, though a contract by a village for materials for improvements was made when there were insufficient funds on hand is void, where the materials were furnished and accepted the village is liable under an implied contract to the extent of the money on hand.

Action by Willis H. Lines against the village of Otego. Plaintiff having asked the court to direct a verdict, and, defendant having moved for a dismissal of the complaint, the jury was discharged, and briefs were submitted to the trial justice. Judgment for plaintiff.

Tucker & Bockes, for plaintiff.
Tilley Blakely, for defendant.

MILLER, J. This action is brought by the plaintiff to recover of the defendant the sum of $411.45, with interest, for materials furnished the defendant by the plaintiff at different times between the 16th day of July and the 15th day of November, 1902, under an alleged contract with the president of the defendant, in which it was agreed that the plaintiff should furnish the defendant materials from time to time, and that the defendant should pay therefor when the taxes were collected the following year, when the bills for materials furnished should become due, with interest from the date of delivery. The plaintiff was also informed that, unless a sale on credit could be had, the defendant could not purchase the goods, as it had not sufficient funds. The materials furnished were used by the defendant in the construction of drains and gutters in its streets, with the exception of a small portion, which was sold by the defendant. No question is made but that the materials furnished were fully worth the sum charged; neither is it disputed but that the defendant is now using such materials in its streets; and from the evidence I have no hesitation in finding that the work in which the materials were used was a work of public necessity. At the time of the making of the alleged contract and at the time of the delivery of the goods the defendant had on hand only the sum of $108.60 which could be used in payment for these materials. It does not appear that any formal action of the board of trustees was taken authorizing the making of the contract with the plaintiff. A resolution was passed, however, in August following the making of the contract, authorizing the construction of the drains in which most of the materials were used, and it also appears that in the following February, in making up the annual budget, an item of $431 was included for the plaintiff's bill and interest. At the close of the evidence a motion was made by the plaintiff for a direction of a verdict, and a motion was made by the defendant for a nonsuit and dismissal of the complaint.

It is objected by the defendant that the alleged contract, made between the plaintiff and the president of the defendant, under which the materials were furnished, was void for the reason that it was not authorized by any action of the board of trustees acting as a board. However this may be, I have no hesitation in finding that the sale of the materials was ratified by the defendant, and, in any event, that the use of these materials by the defendant, under the circumstances disclosed, creates an implied contract to pay for them.

It is also objected by the defendant that at the time of incurring the indebtedness upon which the action is brought the defendant was already indebted up to the limit permitted by the statute as provided by section 130 of the village law (Laws 1897, p. 412, c. 414), which is as follows:

"A village shall not incur indebtedness if thereby its total contract indebtedness, exclusive of liabilities for which taxes have already been levied, shall, in addition to obligations issued to provide for the supply of water, exceed ten per centum of the assessed valuation of the real property of such village, subject to taxation, as it appeared on the last preceding village assessment roll."

And the claim of the defendant is that the phrase, "in addition to obligations issued to provide for the supply of water," limits the first word "indebtedness" used in the section, and not the second word "indebtedness." I am not prepared to adopt this construction. While the language is somewhat ambiguous, a reading of the section in connection with the similar clause in the Constitution limiting the indebtedness of counties and cities makes the intention of this statute quite evident, and the reason for a difference in the case of cities and villages is apparent. In the case of villages, if the indebtedness incurred in the purchase of water supply were to be included in the amount of indebtedness to which the village is limited, it would usually be impossible for a village to own its own water system without using up its entire capacity to contract indebtedness, because in most cases the cost of such a system would equal or exceed the 10 per centum of the assessed valuation of the real property. Such systems are usually self-supporting, in addition to providing the interest and a sufficient sinking fund to care for the bonded debt thus created, so that there is every reason to suppose that the Legislature intended just what it said; and I do not think that this contention of the defendant can be sustained, but that the indebtedness incurred for water supply must be excluded from the entire indebtedness of the village in determining whether it has reached the 10 per centum limited by the statute. When thus excluded, there is no claim that the indebtedness of the defendant reached such limit.

The most serious question in this case, however, is the contention of the defendant that this contract violated the provisions of section 128 of the village law (Laws 1897, p. 411, c. 414), which provides that:

"No contract shall be made involving an expenditure by the village, unless the money therefor is on hand, or a proposition has been adopted authorizing the board of trustees to raise such money."

I am unable to find any principle or authority which will save this contract from the prohibition of this statute. The plaintiff was informed of the situation when the contract was made, and is chargeable with the limitations imposed by law upon the powers of the officers of the defendant to contract, and, while a hardship thus results to the plaintiff, and the defendant is enabled thereby to get the benefit of his materials without paying for them, yet this contract cannot be enforced without violating the plain provisions of the statute, which were framed for the protection of the tax-payers of municipalities. I do not think, however, that this need defeat the plaintiff's claim in its entirety. To the extent of the moneys which the defendant had on hand available for the payment of these materials, and to the extent of its receipts from the sale of them, it was not prohibited by the statute from entering into a contract to purchase the same. The materials were furnished at different times, presumably as some officer of the defendant directed, and were used in different parts of the defendant's streets, not all in one entire work, undoubtedly with the full knowledge of all its officers; and under the circumstances in this case an implied contract to pay for these materials from time to time as they were delivered to and used by the defendant, to the extent that the defendant had money on hand with which to pay for the materials, may be given effect. The pleadings are not before me. If the complaint is not broad enough to permit a recovery on this theory, it may be amended to conform to the proof, in order to accomplish that small measure of justice which is alone possible in this case, and the plaintiff may have judgment accordingly, with the costs of the action.

Findings and decision in accordance herewith may be submitted.